LYON SAND AND GRAVEL COMPANY *v.*
TOWNSHIP OF OAKLAND

1. Zᴏɴɪɴɢ—Mɪɴɪɴɢ—Nᴇᴇᴅᴇᴅ Rᴇsᴏᴜʀᴄᴇs—Pʀᴏʜɪʙɪᴛɪᴏɴs—Cᴏɴsᴛɪᴛᴜᴛɪᴏɴᴀʟɪᴛʏ.

   Outright prohibition through a zoning ordinance of mining operations where needed natural resources are known to exist in usable quantity is unreasonable and confiscatory; the mining operations may be restricted so as not to interfere with the reasonable use of neighboring properties.

2. Zᴏɴɪɴɢ—Pᴇʀᴍɪᴛs—Lᴀᴄᴋ ᴏғ Sᴛᴀɴᴅᴀʀᴅs—Cᴏɴsᴛɪᴛᴜᴛɪᴏɴᴀʟɪᴛʏ.

   A zoning ordinance that allows commercial mining only with a permit, but sets no standards to govern the issuance of such permits, is invalid.

3. Zᴏɴɪɴɢ—Mɪɴɪɴɢ—Mᴀxɪᴍᴜᴍ Dᴇᴘᴛʜ—Rᴇᴍᴏᴠᴀʟ—Pʀᴏʜɪʙɪᴛᴏʀʏ Eғғᴇᴄᴛ—Cᴏɴsᴛɪᴛᴜᴛɪᴏɴᴀʟɪᴛʏ.

   A zoning ordinance that sets maximum excavation depths for gravel pits that would prevent the removal of any substantial amount of gravel is unreasonable and confiscatory where the land is best suited for use as a gravel pit and such use would not interfere with the reasonable use of adjacent lands.

---

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs

[1–4] 58 Am Jur, Zoning §§ 96, 97.

   Prohibiting or regulating removal or exploitation of oil and gas, minerals, soil, or other natural products within municipal limits. 10 ALR3d 1226.

4. Zoning—Mining—Maximum Sound Levels—Prohibitory Effect
    —Constitutionality.

> A zoning ordinance that prescribes maximum sound levels that
> would prevent the plaintiff from mining any gravel is con-
> fiscatory where the land is best suited for use as a gravel
> pit and such use would not interfere with the reasonable use
> of adjacent lands.

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 May 6, 1971, at Lansing. (Docket
No. 10002.)  Decided May 20, 1971.

Complaint by Texas Industries, Inc., against the
Township of Oakland for mandamus to force a re-
zoning of plaintiff's land.  Lyon Sand and Gravel
Company substituted as real party in interest.
Judgment for plaintiff holding township's zoning
ordinance and other ordinances invalid as applied
to plaintiff. Defendant appeals.  Affirmed.

*Hartman, Beier, Howlett, McConnell & Googasian*
and *Honigman, Miller, Schwartz & Cohn* (by *Dean
G. Beier* and *John Sklar*), for plaintiff Lyon Sand
and Gravel Company.

*Darden, Neef & Heitsch,* for defendant.

Before: McGregor, P. J., and Quinn and Bron-
son, JJ.

Quinn, J.  By written opinion, the trial court
found defendant's zoning ordinance and parts of its
ordinance no. 10 invalid as applied to plaintiff's land
and judgment entered accordingly.  The judgment
also enjoined defendant from interfering with
plaintiff's proposed sand and gravel mining opera-
tion on the land.  Defendant appeals.

This action was originally commenced March 10, 1966, by plaintiff's predecessor in title following defendant's denial of a petition to rezone the land in question to permit sand and gravel mining thereon. June 12, 1967, plaintiff acquired the rights of the predecessor and on August 7, 1967, plaintiff moved to be substituted as plaintiff in this action as the real party in interest. This motion was granted October 17, 1967.

August 8, 1967, defendant adopted ordinance no. 10 which is entitled "Conservation of Natural Resources Ordinance" and which purports to regulate the mining of gravel and other materials within the township. Defendant adopted an amendment to ordinance no. 10 on April 9, 1968. June 6, 1968, plaintiff filed its application under ordinance no. 10 with defendant requesting a permit to mine sand and gravel on plaintiff's land. The permit was denied October 14, 1969. By amended complaint, plaintiff attacks the validity of ordinance no. 10 as applied to its land.

Our review of the record convinces us that had we sat as the trial court, we would have found, as he did, the following facts:

1. The estimated population of defendant township is 2,500 and its growth is projected as being 5,400 by 1980.* There is no water or sewer service available in the area of plaintiff's land, and no such service is planned for the area for at least ten years. Plaintiff's land is unimproved and on the north, west, and south, the adjacent land is occupied as farm land and single family residences. In

---

* 1970 census figures now available establish the inaccuracy of estimates relied on by the trial judge, but we do not consider this to be a controlling factor.

Macomb County to the east, the land is occupied as farm land and gravel pits, active and inactive. There is a gravel pit less than one-quarter of a mile to the east of plaintiff's land.

2. Tests indicate that there are roughly five million tons of gravel on plaintiff's property. Gravel is a natural resource required for road construction and most building, and limitation on the availability of gravel hampers commercial and residential development of an area.

3. Plaintiff's plan of operation for its mining project estimated completion thereof in ten years, included the use of modern methods substantially to eliminate noise and dust incidental to the mining operation and provided for construction of a substantial berm surrounding the mined area to screen the view thereof. The plan provided for rehabilitation of the mined area, creation of a sizable lake, protection of the water table, and eventual development of the whole area for home sites.

4. Defendant's zoning ordinance does not permit commercial mining in any area of the township without a permit. Article 5 of ordinance no. 10 contains no standards to govern the issuing authority in determining whether to grant or deny a permit. Article 6, § 6.02(a) and article 7, § 7.01(1) of ordinance no. 10 are unreasonable and confiscatory in relation to plaintiff's property.

In determining defendant's zoning ordinance to be unreasonable and confiscatory as applied to plaintiff's land, the trial court stated:

"Where needed natural resources are known to exist in usable quantity their utilization should be permitted in a manner compatible with the present use of adjacent lands. The taking should not inter-

fere with the reasonable use of neighboring properties but outright prohibition of the taking is in fact confiscation rather than conservation."

In support of this statement the trial court cited *City of North Muskegon* v. *Miller* (1929), 249 Mich 52 and *Certain-Teed Products Corporation* v. *Paris Township* (1958), 351 Mich 434.

The authorities relied on support the clear and concise statement of the law employed by the trial judge in his opinion and we adopt it. His application of that law to the facts of this case was proper and his holding as to the zoning ordinance is affirmed.

For lack of standards to govern the issuing authority in determining whether to grant or deny a permit to mine, the trial court held article 5 of ordinance no. 10 to be invalid. In so holding, reliance was placed on *Blumlo* v. *Hampton Township Board* (1944), 309 Mich 452, and *People* v. *Sturgeon* (1935), 272 Mich 319. These authorities support the trial court and we affirm the invalidity of article 5 of ordinance no. 10.

As a trial court, we would have found that application of the excavation depth limit provision of article 6, § 6.02(a) of ordinance no. 10 to plaintiff's proposed mining operation would prevent the removal of any substantial amount of gravel. For this reason, we affirm the holding of the trial court that application of this provision to plaintiff's land is unreasonable and confiscatory, and, thus, inapplicable to plaintiff's land.

As a trial court we would have found that application of the performance standards in regard to sound as prescribed by article 7, § 7.01(1) would have prevented plaintiff from mining gravel. For

this reason, we affirm the trial court in holding this provision to be inapplicable to plaintiff.

We find no merit in defendant's final claim that it was error not to grant its motion for directed verdict.

Affirmed with costs to plaintiff.

All concurred.