LAKEWOOD ESTATES, INC., *v.* DEERFIELD
TOWNSHIP ZONING BOARD OF APPEALS

1. ZONING—TRAILER PARKS—RESIDENTIAL USE.

   Trailer parks are residential uses and not commercial uses for
   purposes of zoning regulation.

2. ZONING—GUIDELINES—DELEGATION.

   A zoning ordinance that allows a use only with a special permit
   issued by a board of zoning appeals, but sets no guidelines
   for grant or denial of a permit, is an impermissible grant
   of power to the board.

Appeal from Lapeer, James P. Churchill, J. Sub-
mitted Division 2 November 4, 1971, at Lansing.
(Docket No. 5709.)   Decided November 24, 1971.

Complaint by Lakewood Estates, Inc., against the
Deerfield Township Zoning Board of Appeals and
the Deerfield Township Zoning Administrator to
compel issuance of a building permit. Judgment for
plaintiff. Defendants appeal. Affirmed.

*Bahls & Preisel*, for plaintiff.

*Taylor, Carter & Butterfield, P. C.*, for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 63.
   Maintenance or regulation by public authorities of tourist or
   trailer camps, motor courts, or motels.  22 ALR2d 774.
[2] 58 Am Jur, Zoning § 216 *et seq.*

Before: DANHOF, P. J., and BRONSON and TAR-
GONSKI,* JJ.

PER CURIAM. This is an appeal from a Lapeer
County Circuit Court order and judgment holding
the Deerfield Township zoning ordinance invalid
insofar as it excludes the location or operation of
licensed trailer-coach parks in Deerfield Township.
Plaintiff desired to build such a park in the town-
ship. This application for a building permit was de-
nied by the zoning administrator on the ground that
trailer-coach parks were not permitted in the agri-
cultural-residential zone in which the proposed park
was located. The Zoning Board of Appeals for
Deerfield Township affirmed this decision. The cir-
cuit court reversed. The township appeals.

The original draft of the Deerfield Township zon-
ing ordinance made trailer-coach parks a conditional
use and required the Zoning Board of Appeals to
issue a special permit at its discretion. The adopted
ordinance deleted the reference to trailer parks as
conditional uses. The zoning board chairman testi-
fied that the deletion was a copying error.

Despite this, the defendant contends that trailer
parks are commercial uses and plaintiff should have
requested a rezoning of his parcel to commercial
This argument must fail. First, if trailer parks are
commercial uses, requiring plaintiff to petition for
rezoning of his property governed by the whim of
the Zoning Board of Appeals is spot zoning. Spot
zoning is impermissible in Michigan. *Trenton De-
velopment Company* v. *Village of Trenton* (1956),
345 Mich 353. Second, we do not believe trailer
parks are commercial uses. While owning and
operating a trailer park may be a business, living in

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

one is not. We can perceive no difference between living in a trailer park and living in an apartment building. Merely because someone will profit by a certain use of an area does not make that use commercial. See Barthe, *Mobile Homes: Zoning and Taxation,* 55 Cornell L Rev 491, 498, 499. The statement of the board chairman and the fact that the adopted ordinance makes no provision for trailer parks support plaintiff's contention that trailer parks are considered conditional uses. No guidelines are provided for the grant or denial of such uses by the ordinance. Such grants of power to zoning boards are impermissible. *Lyon Sand & Gravel Company* v. *Township of Oakland* (1971), 33 Mich App 614.

In either event the ordinance must fail as it attempts to preclude trailer court development save for special permission to be granted by the mere whim of the Zoning Board of Appeals.

Affirmed.