SILVA v ADA TOWNSHIP

Docket No. 45531. Submitted June 13, 1980, at Grand Rapids.—Decided August 27, 1980. Leave to appeal applied for.

A. Clare Silva and Karen J. Silva applied for the rezoning of their land to allow the mining of gravel on the land. The Ada Township Board denied the application and the Silvas brought an action against the township, alleging that the present zoning ordinance and the township's denial of the rezoning were unconstitutional. Several neighboring landowners were allowed to intervene as defendants. The Kent Circuit Court, George V. Boucher, J., entered a judgment in favor of the defendants, finding that the plaintiffs had failed to rebut the presumption of validity of the ordinance and that the township's denial of the application for rezoning advanced reasonable governmental interests. Plaintiffs appeal. *Held:*

1. Plaintiffs alleged that a separate standard for reviewing zoning ordinances exists where the extraction of minerals from the land is involved. The Supreme Court, however, has recently determined that there is one set of standards which are applicable in all zoning cases. Those standards were properly applied by the trial court in this case.

2. The ordinance is constitutional. Significant health, safety and welfare interests are being protected by the ordinance and by the township's refusal to allow the gravel extraction. There is no indication of a policy of discrimination against the extraction of gravel, nor is there support for the claim that the ordinance amounts to a confiscation of the plaintiff's land without just compensation.

Affirmed.

1. ZONING — GOVERNMENTAL INTEREST — EXCLUSION OF LEGITIMATE USE.

A plaintiff, in order to successfully challenge a municipal zoning

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Zoning and Planning § 15.
[2] 82 Am Jur 2d, Zoning and Planning §§ 25, 27.
[3] 82 Am Jur 2d, Zoning and Planning §§ 12, 27.
[4] 82 Am Jur 2d, Zoning and Planning § 11 *et seq.*
[5] 82 Am Jur 2d, Zoning and Planning § 35.

ordinance, must prove that there is no reasonable governmental interest being advanced by the zoning classification, or that the ordinance is unreasonable because of the arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question.

2. ZONING — PRESUMPTION OF VALIDITY — BURDEN OF PROOF.

Zoning ordinances are presumed to be valid; it is the burden of a party attacking an ordinance to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction on the owner's use of his property.

3. ZONING — USE OF PROPERTY — PRECLUSION FROM USE.

A property owner, in order to sustain an attack on a zoning ordinance, must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted.

4. ZONING — VALIDITY OF ORDINANCES — STANDARDS — PREFERRED USES.

The standards for determining the constitutional validity of municipal zoning ordinances apply to all determinations; there is no separate standard for cases involving so-called "preferred uses".

5. ZONING — CONFISCATION OF PROPERTY — DISPARITY IN VALUE.

A claim that a zoning ordinance is confiscatory as applied to a plaintiff's property is not proven by showing a disparity in value between uses.

*Dilley & Dilley,* for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by *Thomas J. Heiden),* for Ada Township.

*Freihofer, Oosterhouse, Deboer & Barnhart,* for intervening defendants.

Before: ALLEN, P.J., and D. F. WALSH and R. MCDONALD,* JJ.

D. F. WALSH, J. Plaintiffs challenge the constitutionality of the defendant township's zoning deci-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

sion which prohibited the excavation of gravel on agriculturally zoned land.

Plaintiffs own an 80-acre parcel of land, bordered by Three Mile Road and Pettis Road, in Ada Township, Kent County, Michigan. In accordance with the township's Master Zoning Plan adopted in January, 1968, and reaffirmed in subsequent years, this land was classified as A-3 Agricultural. The permissible uses included, among others, general and specialized farming and single family residences.[1] Its present use is divided, approximately evenly, between orchards (apple and cherry) and crops (corn and alfalfa). The property contiguous to plaintiffs' contains some agricultural and residential development and some land yet to be developed.

In February, 1978, plaintiffs entered into an agreement with the Northeast Gravel Company for the mining of gravel on the 80-acre parcel. Plaintiffs projected that over a period of 10 years, 860,000 cubic yards of gravel would be strip-mined, processed and transported.

In December, 1977, plaintiffs applied for the rezoning of the 80-acre parcel to the classification of P-1A "Planned Development—Natural Resources". After a public hearing, the Township Planning Commission recommended that the application be denied and the township board adopted this recommendation on March 27, 1978. On March 21, 1978, plaintiffs had filed a second

[1] The uses under A-3 Agricultural are:
(a) General and specialized farming;
(b) Single-family residences on lots at least one acre in size and at least 200 feet wide;
(c) Roadside stands for sale of produce grown on the premises;
(d) Country clubs;
(e) Golf courses;
(f) Riding stables;
(g) Publicly-owned athletic grounds.

application for rezoning, but it was treated as if it were the same as the first.

On June 2, 1978, plaintiffs filed a complaint in the Kent County Circuit Court alleging that the present zoning ordinance and defendant's refusal to grant the application for rezoning were unconstitutional because: (1) no reasonable governmental interest was being advanced; (2) plaintiffs were being arbitrarily and capriciously denied a legitimate use of the premises; (3) defendant's action amounted to a taking without just compensation, a denial of equal protection and a violation of due process. On November 15, 1978, a number of landowners intervened in this suit. At a trial spanning six days during the first three months of 1979, the circuit court examined 72 exhibits and heard testimony from 28 witnesses including plaintiffs, township and city officials, the landholders, agricultural experts, well drillers, gravel users and suppliers, appraisers, planners, a developer, a civil engineer and a golf course architect.

On April 25, 1979, the trial court entered judgment in favor of defendants. The court found that plaintiffs had failed to rebut the ordinance's presumption of validity and that the township's denial of the application for rezoning advanced reasonable governmental interests. The court concluded that plaintiffs' property can still be used for purposes for which it is reasonably adapted.

As an equity case, our review in this zoning matter is de novo. Kropf v Sterling Heights, 391 Mich 139, 163; 215 NW2d 179 (1974). On several occasions the Supreme Court has discussed the appropriate standards for examining the constitutionality of municipal zoning ordinances:

" 'The important principles require that for an ordinance to be successfully challenged plaintiffs prove:
" ' "[F]irst, that there is no reasonable governmental

interest being advanced by the present zoning classification itself * * * or

" ' "[S]econdly, that an ordinance may be unreasonable because of the purely arbitrary, capricious and unfounded exclusion of other types of legitimate land use from the area in question." 391 Mich 139, 158.

" 'The four rules for applying these principles were also outlined in *Kropf.* They are:

" '1. "[T]he ordinance comes to us clothed with every presumption of validity." 391 Mich 139, 162, quoting from *Brae Burn, Inc v Bloomfield Hills,* 350 Mich 425; 86 NW2d 166 (1957).

" '2. "[I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property * * *. It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit,* and that there is no room for a legitimate difference of opinion concerning its reasonableness." 391 Mich 139, 162, quoting *Brae Burn, Inc.*

" '3. "Michigan has adopted the view that to sustain an attack on a zoning ordinance, an aggrieved property owner must show that if the ordinance is enforced the consequent restrictions on his property preclude its use for any purposes to which it is reasonably adapted." 391 Mich 139, 162-163.

" '4. "This Court, however, is inclined to give considerable weight to the findings of the trial judge in equity cases." 391 Mich 139, 163, quoting *Christine Building Co v City of Troy,* 367 Mich 508, 518; 116 NW2d 816 (1962).' " *Ed Zaagman, Inc v Kentwood,* 406 Mich 137, 153-154; 277 NW2d 475 (1979), quoting *Kirk v Tyrone Twp,* 398 Mich 429, 439-440; 247 NW2d 848 (1976).

Plaintiffs maintain, however, that since the instant case involves the use of natural resources, a different set of standards should apply. This contention is founded on three Supreme Court cases which expressly favor the exploitation of natural resources. *North Muskegon v Miller,* 249 Mich 52; 227 NW 743 (1929), *Bloomfield Twp v Beardslee,* 349 Mich 296; 84 NW2d 537 (1957), and *Certain-Teed Products Corp v Paris Twp,* 351 Mich 434; 88

NW2d 705 (1958), are cited for the proposition that where an ordinance prohibits the extraction of minerals from the land, the burden of proof shifts to the municipality to demonstrate that the zoning law is reasonable[2] and that a landowner may not be denied the right to extract minerals from his property through zoning ordinances unless it can be shown that consequences of the most serious nature will result from the process of extraction.

Plaintiffs claim that *Zaagman, supra,* and *Kropf, supra,* are inapposite here because they were limited to the issue of whether individuals were entitled to develop their lands for multiple family homes or mobile home parks in lands zoned for single family residences, and that they should have prevailed below because the township failed to present any proofs that it faced a "dire need" for protection from very serious consequences.

Plaintiffs' arguments are persuasive but more recent Supreme Court decisions have implicitly overruled the cases on which plaintiffs rely. In *Zaagman, supra,* the Supreme Court enunciated the applicable standards for determining the constitutional validity of *all* municipal zoning determinations. The Court made no mention of the continued viability of a separate standard for cases involving natural resources. More conclusively, in *Kropf, supra,* the Supreme Court expressly overruled this Court's decision in *Bristow v Woodhaven,* 35 Mich App 205; 192 NW2d 322 (1971), which dealt with mobile home parks as a "preferred use" which shifted the burden of proof in a zoning case.

---

[2] Plaintiffs also rely on *Lyon Sand & Gravel Co v Oakland Twp,* 33 Mich App 614; 190 NW2d 354 (1971), and *Fredal v Forster,* 9 Mich App 215; 156 NW2d 606 (1967), both of which follow the three Supreme Court decisions.

"Insofar as decisions of the Court of Appeals are based solely on the concept of 'favored or preferred use' and the attendant shifting of burden of proof, they are hereby overruled. Plaintiffs must bear the burden of proof in attacking the constitutionality of the ordinance in question. It is up to them to present sufficient proofs to the court showing that the defendant city by its action violated one of their aforesaid constitutional rights and thus acted 'unreasonably'. They must show that the city, via its ordinance denied them substantive or procedural due process, equal protection of the laws, or deprived them of their property without just compensation. To each of these claims the court will apply their proofs presented and determine if they have met their burden in showing the ordinance in question to be 'unreasonable', for, as we have said, reasonableness is the test of its validity." *Kropf v Sterling Heights, supra,* 156-157.

In our judgment *North Muskegon, supra, Bloomfield Twp, supra,* and *Certain-Teed Products Corp, supra,* are essentially "preferred use" cases. See *Bristow v Woodhaven, supra,* 213-214. The Supreme Court has repudiated the rationale of those cases. *Kropf, supra,* 156-157. The appropriate standards, therefore, for determining the constitutional validity of all municipal zoning ordinances are those expressed in *Zaagman, supra.*

We next consider whether the township's zoning ordinance was reasonable under the applicable *Zaagman* guidelines. After careful review of the entire record, we are persuaded that the ordinance is constitutional and that the defendant's denial of the application for rezoning was not improper. Specifically the record does not support the conclusion that there was no governmental interest being advanced by the current zoning classification or that the ordinance arbitrarily and capriciously excluded other types of legitimate land use from the area in question. See *Kropf, supra,* 158. The

testimony established that significant health, safety and welfare interests were being protected by the ordinance and the township's refusal to allow the gravel excavation. Rather than being characterized as arbitrary or capricious, defendant's action was based on a number of considerations which included the projected increase in noise, dust and traffic and other concerns such as water drainage, security and aesthetics.

Nor does the record indicate any policy of discrimination against the excluded use. The testimony established that the defendant has not totally excluded that use from the boundaries of the township. *Kropf, supra,* 155-156. Finally, there is no support for the claim that the ordinance amounts in effect to a confiscation of plaintiffs' property without just compensation. Plaintiffs' own expert witness testified that the property's value for residential purposes was $93,700 (versus $154,000 for gravel use). This testimony belies any contention that the existing ordinance precluded the use of the land for any purpose to which it is reasonably adapted. *Kropf, supra,* 163. A showing of disparity in value between uses does not demonstrate that the property has been subject to confiscation. *Kirk v Tyrone Twp,* 398 Mich 429, 444; 247 NW2d 848 (1976), *Brae Burn, Inc v Bloomfield Hills, supra,* 433.

The decision of the circuit court is affirmed.