COMPTON SAND & GRAVEL CO v DRYDEN TOWNSHIP

Docket No. 60858. Submitted December 14, 1982, at Detroit.—Decided May 3, 1983.

Plaintiff, Compton Sand & Gravel Co., applied for a permit to mine gravel on land in defendant Dryden Township, located in Lapeer County. The land is zoned for agricultural and residential use, but the zoning expressly permits applications for gravel mining. The intervening defendants, Jerry Tuggle, Marlene Tuggle, Dean Sousanis and Anne Sousanis, and others, were joined as parties by stipulation. The intervening defendants are private residential landowners residing in the defendant township or in Almont Township and all of their residences are contiguous to the road over which the gravel would be transported. The intervening defendants objected to the plaintiff's application. While the proceedings on plaintiff's application were still pending before the defendant township, plaintiff commenced a civil action in the Lapeer Circuit Court complaining that the defendant township was not processing and deciding its application in a timely manner. Following a hearing, the circuit court, Martin E. Clements, J., ordered the defendant township to grant or reject the application within 90 days, with the decision to be supported by written reasons. The defendant township, thereafter, denied the permit, listing among its reasons a lack of information from the plaintiff. Following additional proceedings in the circuit court, plaintiff supplied additional information in further proceedings before the defendant township's board and planning commission. The

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 2 Am Jur 2d, Administrative Law §§ 722, 723.

5 Am Jur 2d, Appeal and Error §§ 703, 880.

[3] 5 Am Jur 2d, Appeal and Error §§ 839, 841-845

[4] 82 Am Jur 2d, Zoning and Planning § 138.

Prohibiting of removal or exploitation of oil and gas, minerals, soil, or other natural products within municipal limits. 10 ALR3d 1226.

[5] 39 Am Jur 2d, Highways, Streets, and Bridges § 202.

[6] 82 Am Jur 2d, Zoning and Planning §§ 27-29.

[7] 2 Am Jur 2d, Administrative Law § 595 et seq.

defendant township then again denied plaintiff's application. During the course of the action, the circuit court granted the intervening defendants' motion to join defendant Lapeer County Road Commission because of the commission's authority to grant or deny a haul route permit for the transportation of gravel from the proposed gravel pit. The circuit court then remanded to the defendant township for further presentation of evidence. Following further hearings, the defendant township again denied the application. Plaintiff then filed a second amended complaint seeking a writ of superintending control and an injunction against enforcement of certain allegedly unconstitutional provisions of the defendant township's gravel mining ordinance. The circuit court, thereafter, issued a judgment affirming the defendant township's denial of plaintiff's application for a gravel mining permit and dismissing with prejudice plaintiff's claims for superintending control and an injunction. Plaintiff appeals alleging that the denial of its application for a mining permit was contrary to the law and that the reasons cited by the circuit court in affirming the denial of plaintiff's application were not supported by competent, material and substantial evidence on the whole record. *Held:*

1. The circuit court's scope of review of the defendant township's decision is *de novo* on the record and the circuit court is not free to receive further evidence. However, the circuit court was free to draw its own conclusions from the evidence presented to the defendant township.

2. The standard of review to be applied by the circuit court in reviewing the defendant township's decision is whether the decision was supported by competent, material and substantial evidence on the whole record.

3. The Court of Appeals reviews the findings by the circuit court under the standard set forth in GCR 1963, 810(2) for review of issues tried without a jury which provides that a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.

4. The trial court would have reached the same result if its decision had been reached after the Michigan Supreme Court's rulings that zoning regulations which prevent the extraction of natural resources are invalid unless "very serious consequences" will result from the proposed extraction.

5. Some of the evidence, whether standing alone or considered as a whole, satisfies the standard of review to support

affirmance of the defendant township's denial of the application for a permit.

6. The constitution reserves to townships the right to reasonable control of highways and streets within their borders.

7. Plaintiff failed to sustain its burden concerning unconstitutionality. The mere contention that provisions of the defendant township's ordinance were invalid was not sufficient to support invalidity. Competent evidence was required.

8. If the challenged provisions of the ordinance were unreasonable or burdensome, as plaintiff contended, it had recourse to an administrative remedy in proceedings before the defendant township by applying for a variance under the appropriate township enabling act. Plaintiff did not apply for a variance or propose any less expensive or less burdensome alternatives. Therefore, plaintiff did not exhaust its administrative remedies before applying to equity for relief because of the alleged unconstitutionality of the township's ordinance.

Affirmed.

1. ZONING — APPEAL — CIRCUIT COURTS — TOWNSHIPS.

A circuit court's scope of review of a township's decision to deny an application for a mining permit is *de novo* on the record and the circuit court is not free to receive further evidence; the circuit court is, however, free to draw its own conclusions from the evidence presented to the township.

2. CONSTITUTIONAL LAW — ZONING — APPEAL — CIRCUIT COURTS — TOWNSHIPS.

The standard of review to be applied by a circuit court when reviewing a township's decision to deny an application for a mining permit is whether the decision is supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28).

3. APPEAL — COURT OF APPEALS — CIRCUIT COURTS — NON-JURY TRIALS — FINDINGS OF FACT — COURT RULES.

The Court of Appeals reviews findings by a circuit court sitting without a jury under a standard providing that a finding is clearly erroneous when, although there is evidence to support it, the Court of Appeals on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 810[2]).

4. ZONING — NATURAL RESOURCES — EXTRACTION OF NATURAL RESOURCES.

Zoning regulations which prevent the extraction of natural re-

sources are invalid unless "very serious consequences" will result from the proposed extraction.

5. CONSTITUTIONAL LAW — TOWNSHIPS — CONTROL OF HIGHWAYS.

The constitution reserves to townships the right of reasonable control of highways and streets within their borders (Const 1963, art 7, § 29).

6. ZONING — EVIDENCE.

The mere contention that provisions of a township's zoning ordinance are invalid is not sufficient to support a finding of the ordinance's invalidity; competent evidence is required instead of a mere contention.

7. ADMINISTRATIVE LAW — EXHAUSTION OF REMEDIES.

The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting such remedy before the courts will act.

*Googasian, Hopkins & Forhan* (by *Stephen J. Hopkins*), for plaintiff.

*Morrice, Lengemann & Rickard, P.C.* (by *Ronald W. Rickard*), for Dryden Township.

*William R. VanderKloot, P.C.* (by *William R. VanderKloot*), for the intervening defendants.

Before: CYNAR, P.J., and N. J. KAUFMAN and MACKENZIE, JJ.

CYNAR, P.J. Plaintiff appeals from the circuit court's affirmance of the Township of Dryden's denial of an application for a gravel mining permit. We affirm.

Plaintiff corporation applied for a permit to mine gravel in Dryden Township, located in Lapeer County, Michigan, on 65 acres of land leased by plaintiff from George and Josephine Kovacs. Although the initial application requested a per-

mit for 65 acres, plaintiff proposed to lease the land from Mr. and Mrs. Kovacs, who owned an additional 255 acres adjoining the site at issue.

The land is zoned for agricultural and residential use, but the zoning expressly permits applications for gravel mining. Plaintiff filed an application for gravel mining with the defendant township on June 27, 1978, pursuant to the applicable township zoning ordinance in effect on that date and the subsequent amendment thereof. The intervening defendants were joined as parties by stipulated order. They object to plaintiff's application.

The intervening defendants are private residential landowners residing in the defendant township or in Almont Township, which lies to the immediate east of Dryden Township. All of their residences are contiguous to Hough Road, which both sides have treated as the "haul route" over which gravel would be transported from plaintiff's proposed gravel pit for about four miles through Dryden and Almont Townships to M-53 (Van Dyke) which is the most accessible state trunk line highway. Hough Road is a 22-foot wide gravel road.

The circuit court granted the intervening defendants' motion to join Lapeer County Road Commission (defendant road commission) as an additional party because of defendant road commission's authority to grant or deny "a haul route permit" for the transportation of gravel from the proposed gravel pit using Hough Road (a county road).

Both before and after July 27, 1978, the date of plaintiff's application, voluminous correspondence was transmitted between plaintiff and the defendant township and a number of public hearings took place concerning the proposed gravel pit. Reports and statements prepared by plaintiff and

its experts were received by the township, including a Draft Environmental Impact Statement.

While the proceedings on plaintiff's application were still pending before the defendant township, plaintiff commenced a civil action on July 12, 1979, in the circuit court complaining that the defendant township was not processing and deciding its application in a timely manner. Following a hearing on July 30, 1979, the circuit court ordered the defendant township to grant or reject plaintiff's permit application within 90 days, with the decision to be supported by written reasons. The defendant township, complying with the circuit court order to make a ruling, denied the permit at an October 14, 1979, meeting, listing among its reasons a lack of information from plaintiff.

Following additional proceedings in the circuit court, plaintiff supplied additional information in further proceedings before the defendant township's board and planning commission. Additional presentations of documents, studies and materials were made to the defendant township by all parties. After further consideration, the defendant township again denied plaintiff's application on May 13, 1980. Further proceedings were terminated before the defendant township's board but continued in the circuit court.

On September 22, 1980, the circuit court granted plaintiff's motion to remand the matter to the township board for further presentation of evidence by plaintiff. On January 13, 1981, following further hearings, the defendant township again denied the application and stated its reasons for the denial.

After the January 13, 1981, denial of plaintiff's application by the defendant township, plaintiff filed a second amended complaint on February 18,

1981, seeking in Count I a writ of superintending control and in Count II and injunction against enforcement of certain allegedly unconstitutional provisions of the defendant township's gravel mining ordinance. The circuit court observed that the record did not reveal that constitutional objections were asserted in the proceedings before the defendant township.

The minutes of the extensive proceedings before the defendant township's planning commission and board from the year 1977 through January 13, 1981, were transmitted to the circuit court by stipulation of the parties. In addition, the record below also consisted of various reports, technical studies and critiques by experts for all parties and transcripts of the August 13, 1979, meeting of the defendant township's planning commission and the defendant township's board meetings on January 12 and 13, 1981.

Although no objections were raised about permitting the circuit court to consider any of the defendant township's evidence, objections were raised in the circuit court by all parties as to the accuracy of various items of evidence presented at the township's board meetings. Objections were also raised as to the conclusions and inferences drawn from the record below by the defendant township in its deliberations. The circuit court noted all the objections, and they were carefully considered by the circuit court. The circuit court also indicated that it had noted and considered, without objection by any party, the conducting and filing with the circuit court by all parties of extensive discovery which was referenced in pleadings, trial briefs and argument.

The circuit court issued a judgment affirming the defendant township's denial of plaintiff's appli-

cation for a gravel mining permit and dismissing with prejudice plaintiff's claims for superintending control and an injunction, having adjudged the same to be without merit. The circuit court issued detailed findings in support of its judgment, including:

1. The administrative hearings provided to plaintiff an opportunity to be heard, to present evidence, to challenge the evidence of the other parties and to conclude the proceeding with reasonable dispatch, thereby according due process to plaintiff.

2. The defendant township gave some legally insufficient reasons for denying approval, namely:

(a) nonapproval by the township attorney; and

(b) plaintiff's site was not the "best".

3. Other reasons advanced by the defendant township for denial of the application were supported by competent and material evidence upon the record, including by way of example and not by way of limitation:

(a) difficulties in policing presented on the record below by a police representative;

(b) reduction in property values as presented on the record below by Township Supervisor Fielhauer, based on his experience as the defendant township's tax assessor;

(c) noise levels exceeding accepted standards as suggested also by plaintiff's proofs; and

(d) failure of plaintiff to supply additional requested information.

4. Plaintiff's permit application failed to comply with certain mandatory physical requirements of the defendant township's ordinance, namely:

(a) eight-foot-high fencing;

(b) dust-free haul route;

(c) evergreen planting of a specified height on berms;

(d) limitation on proximity of mining to streets, residences and properly lines; and

(e) limitation on hours of operation.

5. The defendant township's planner, Brandon Rogers, was a qualified expert in community planning. His observations and critiques were properly considered by the township board as competent and material evidence which, together with the other evidence in the record, could constitute a basis for the township's decision in this case.

6. The defendant township in considering plaintiff's application properly considered the effects of haul route traffic upon its roadways and upon protection of the interests of its citizens and the general public and in exercising its powers to regulate traffic.

7. The defendant township's failure to formally designate a "haul route" was of no consequence because all parties acquiesced to the de facto designation of Hough Road as a haul route and no other route was considered by the parties.

8. There are other operating gravel pits within the defendant township, and no proofs were presented to show that the defendant township unconstitutionally prevents gravel pits.

9. The defendant township's decision to deny plaintiff's application was within the range of the proofs and supported by competent and material evidence upon the whole record.

10. Had the circuit court been sitting in the place and stead of the township board and considered afresh the record, it would have reached the same conclusion as reached by the township board in denying plaintiff's application.

Plaintiff maintains that the denial of plaintiff's

application for a permit to mine is contrary to the law and that the reasons cited by the circuit court in affirming the denial of plaintiff's application are not supported by material, competent, and substantial evidence on the whole record.

The scope of review by the circuit court of the defendant township's decision was *de novo* on the record. The circuit court indicated that it was not free to receive further evidence. It was, however, free to draw its own conclusions from the evidence presented to the defendant township. *Quigley v Dexter Twp,* 390 Mich 707, 710; 213 NW2d 166 (1973).

The standard of review by the circuit court of the defendant township's decision was whether such decision was supported by competent, material and substantial evidence upon the whole record. Const 1963, art 6, § 28. After reviewing the entire record and making detailed findings of fact and conclusions of law, the circuit court upheld the decision of the township board denying the permit.

This Court reviews the findings by the circuit court under the standard set forth in GCR 1963, 810(2) for review of issues tried without a jury. "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Auto Electric & Service Corp v Rockwell International Corp,* 111 Mich App 292, 296; 314 NW2d 592 (1981).

Following the oral arguments before the Court of Appeals in conjunction with this case in December, 1982, the Supreme Court decided *Silva v Ada Twp* and *Ottawa Silica Co v Brownstown Twp,* 416 Mich 153; 330 NW2d 663 (1982). Both cases con-

cerned the standard for determining the validity of zoning which prevents the extraction of natural resources. The Court of Appeals had upheld the zoning regulations which would prevent the extraction of natural resources without considering whether "very serious consequences" would result from the extraction. The Supreme Court ruled that zoning regulations which prevent the extraction of natural resources are invalid unless "very serious consequences" will result from the proposed extraction. See *Certain-teed Products Corp v Paris Twp,* 351 Mich 434; 88 NW2d 705 (1958). In both *Ottawa Silica* and *Silva,* the Court of Appeals had held that *Kropf v Sterling Heights,* 391 Mich 139; 215 NW2d 179 (1974); *Kirk v Tyrone Twp,* 398 Mich 429; 247 NW2d 848 (1976); *Ed Zaagman, Inc v Kentwood,* 406 Mich 137; 277 NW2d 475 (1979), and *Turkish v Warren,* 406 Mich 137; 277 NW2d 475 (1979), were controlling. Those cases, however, were concerned with the validity of zoning ordinances in general. The Supreme Court found the Court of Appeals decisions in *Ottawa Silica* and *Silva* to be in error because the rule of *Certain-teed* was disregarded. The Supreme Court reaffirmed the "very serious consequences" rule stated in *Certain-teed.*

The circuit court on appeal in this matter ruled that the defendant township's ordinance was presumed to be valid and that plaintiff had the burden of showing unreasonable restrictions on the use of the property prusuant to *Kropf, supra,* pp 162-163; *Zaagman, supra,* pp 153-154, and *Silva v Ada Twp,* 99 Mich App 601, 605; 298 NW2d 838 (1980).

The circuit court in its 1981 Findings of Fact and Conclusions of Law cited *Kropf, Zaagman* and *Silva* (Court of Appeals). The "very serious conse-

quences" rule was reaffirmed in the Supreme Court cases of *Ottawa Silica* and *Silva* decided December 23, 1982. We are persuaded that the trial court would have reached the same result if its decision had been reached after December 23, 1982.

After weighing the interests of plaintiff and the general public in the extraction of gravel from plaintiff's proposed gravel pit against the interests of the general public, the intervening defendants and the defendant township and its residents in their general health, welfare and safety, the circuit court determined that the defendant township properly found that a balancing of these interests required the denial of plaintiff's application for a gravel mining permit.

The circuit court, in dismissing the complaint, determined that competent, material and substantial evidence supported the township board's decision, finding that the detriment to the people in the area outweighed the benefit of removing the gravel for the benefit of the public at large.

Some of the evidence, whether standing alone or considered as a whole, satisfies the standard of review to support affirmance of the township's denial of the application for a permit.

The constitution reserves to townships the right of reasonable control of highways and streets within their borders. Const 1963, art 7, § 29; *Union Twp v Mt Pleasant,* 381 Mich 82, 86-87; 158 NW2d 905 (1968); *Robinson Twp v Ottawa County Bd of Road Comm'rs,* 114 Mich App 405; 319 NW2d 589 (1982).

Hough Road, the proposed haul route, measures about 3-1/2 miles from the proposed gravel pit to M-53. Hough Road is a narrow, rutted, gravel road. Fully loaded trucks weighing between 25,000

and 125,000 pounds would make some 30 to 50 passes per day to and from the proposed gravel pit. The length of the haul route; the number of trucks proposed; the resulting problems of dust, noise and traffic regulation; and the loss of tax base as well as other factors are important concerns to the township. Hough Road must be improved to accommodate the gravel truck traffic. It was estimated in 1981 that the cost of improving the haul route to handle this traffic would be $430,000. The defendant township's entire annual budget for 1979-1980 was $210,851. The answer to the means of financing the cost of upgrading the road, at best, was left uncertain.

Plaintiff does not challenge the zoning use classification given to its property by the defendant township because the zoning classification permits the proposed gravel mining operation. Plaintiff sought a permit to use the land under the township's zoning classification. Plaintiff's application for a permit was denied. Plaintiff challenges certain "mandatory physical requirements" under the defendant township's ordinance, namely:

(a) eight-foot-high fencing around the permit site;

(b) a dust-free haul route;

(c) evergreen plantings of a specified height on berms;

(d) a limitation on the proximity of mining to streets, residences and property lines; and

(e) a limitation on hours of operation.

Plaintiff contends that the "mandatory physical requirements" are unreasonable, unconstitutional and unenforceable. No proofs were presented concerning the alleged unconstitutionality either before the defendant township or the circuit court. Plaintiff never raised constitutional objections con-

cerning the ordinance in the administrative proceedings before the defendant township. Plaintiff did not allege unconstitutionality until the second amended complaint was filed, nearly a year and one-half after the original suit was filed. Plaintiff's statement of questions presented on appeal does not challenge the constitutionality of the ordinance.

The mere contention that provisions of the defendant township's ordinance are invalid is not sufficient to support invalidity. Instead of "mere contention", competent evidence is required. *Jamens v Shelby Twp,* 41 Mich App 461, 474; 200 NW2d 479 (1972). Plaintiff failed to sustain its burden concerning unconstitutionality.

Further, if the challenged provisions of the ordinance were unreasonable or burdensome as contended, plaintiff had recourse to an administrative remedy in the proceedings before the defendant township by applying for a variance under the appropriate township enabling act.

MCL 125.293; MSA 5.2963(23), as amended by 1978 PA 637, provides in pertinent part:

"Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the zoning ordinance, the board of appeals * * * may vary or modify any of its rules or provisions so that the spirit of the ordinance is observed, public safety secured, and substantial justice done."

Concerning variances, Dryden Township Zoning Ordinance, § 17.05, subsection (a) reads as follows:

"a. *Purpose.* To hear and decide appeals * * * where there are practical difficulties or unnecessary hardships to the property in the way of carrying out the strict letter of this Ordinance so that the spirit of the Ordi-

nance shall be observed, public health and safety secured, and substantial justice done."

The Court in *Trever v Sterling Heights,* 37 Mich App 594, 596; 195 NW2d 91 (1972), stated that the generally accepted rule relating to the doctrine of exhaustion of administrative remedies could be found in 2 Am Jur 2d, Administrative Law, § 595, p 426, which reads as follows:

" 'The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act.'
"Continuing on page 428:
" 'It involves a policy of orderly procedure which favors a preliminary administrative sifting process, particularly with respect to matters peculiarly within the competence of the administrative agency, avoidance of interference with functions of the administrative agency by withholding judicial action until the administrative process has run its course, and prevention of attempts "to swamp the courts by a resort to them in the first instance." ' "

Plaintiff did not apply for a variance, and plaintiff did not propose any less expensive or less burdensome alternatives. Plaintiff did not exhaust its administrative remedies before applying to equity for relief because of alleged unconstitutionality.
Affirmed.