CITY OF PORTAGE v KALAMAZOO COUNTY ROAD
COMMISSION

Docket No. 68936. Submitted February 9, 1984, at Grand Rapids.—
Decided July 16, 1984. Leave to appeal applied for.

The City of Portage brought in Kalamazoo Circuit Court an
action for injunctive relief pursuant to the Michigan Environ-
mental Protection Act seeking to have the Kalamazoo County
Road Commission enjoined from removing some 74 trees which
are located within eight feet of both sides of the paved portion
of Portage Road in the City of Portage. The trial court, Donald
T. Anderson, J., determined, by weighing the environmental
risks against the good to be accomplished by the removal of the
trees, that the plaintiff had made a prima facie showing that
the removal of the trees by defendant was likely to result in
the impairment or destruction of a natural resource and,
accordingly, granted plaintiff an order enjoining defendant
from removing the trees. Defendant appealed. *Held:*

1. Judicial intervention pursuant to the Michigan Environ-
mental Protection Act is appropriate only upon a showing that
a natural resource is involved and that the impact of the
proposed activity on the environment rises to a level of impair-
ment which will justify injunctive releif.

2. While there is no question that the removal of the trees
involves the destruction of a natural resource, the plaintiff
failed to establish that the removal of these trees would create
a situation in which the environmental risk rises to a level
which would justify judicial intervention, since there was no
showing that the trees in question were unique or irreplaceable

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 703 *et seq.*
    76 Am Jur 2d, Trial § 1267 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 840, 841.
    76 Am Jur 2d, Trial § 1250 *et seq.*
[3] 22 Am Jur 2d, Declaratory Judgments §§ 2, 9 *et seq.*
    27 Am Jur 2d, Equity § 102 *et seq.*
[3-8] 61A Am Jur 2d, Pollution Control § 46 *et seq.*
[4, 8] 52 Am Jur 2d, Logs and Timber §§ 64, 65.
[5-8] 61A Am Jur 2d, Pollution Control § 534 *et seq.*

or that the removal of the trees would have a significant consequential effect on any other natural resource.

3. Since the plaintiff failed to make a prima facie showing that the removal of the trees would create an environmental risk which rises to a level of impairment sufficient to justify judicial intervention pursuant to the Michigan environmental Protection Act, it was error for the trial court to grant plaintiff's requested injunctive relief.

Reversed.

1. ENVIRONMENT — ENVIRONMENTAL PROTECTION ACT — APPEAL — CLEAR ERROR.

The Court of Appeals reviews *de novo* actions brought under the Michigan Environmental Protection Act; the trial court's findings of fact will not be overturned or modified unless they are clearly erroneous or unless the reviewing court is convinced it would have reached a different result had it sat as the trier of fact (GCR 1963, 517.1).

2. APPEAL — FINDINGS OF FACT — CLEAR ERROR.

A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made (GCR 1963, 517.1).

3. ENVIRONMENT — ACTIONS — ENVIRONMENTAL PROTECTION ACT.

Declaratory and equitable relief is available to the plaintiff in an action brought under the Michigan Environmental Protection Act only upon the plaintiff's making a prima facie showing that a natural resource is involved and that the impact of the activity at issue on the environment rises to a level of impairment which will justify injunctive relief (MCL 691.1203[1]; MSA 14.528[203][1]).

4. ENVIRONMENT — NATURAL RESOURCES — TREES — ENVIRONMENTAL PROTECTION ACT.

The removal of trees along a roadway constitutes the destruction of a natural resource within the meaning of the provisions of the Michigan Environmental Protection Act (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

5. ENVIRONMENT — COURTS — INJUNCTIONS — ENVIRONMENTAL PROTECTION ACT.

Virtually all human activities can be found to adversely impact natural resources in some way or another; therefore, in an action brought under the Michigan Environmental Protection

Act, a court must determine whether the proposed action can be found to rise to the level of impairment or destruction of natural resources so as to constitute an environmental risk and justify judicial intervention; a court is not empowered to enjoin conduct which does not rise to the level of an environmental risk proscribed by the Environmental Protection Act (MCL 691.1201 *et seq.; MSA 14.528[201] et seq.).*

6. ENVIRONMENT — JUDICIAL INTERVENTION — ENVIRONMENTAL PROTECTION ACT.

A court, in determining whether the impact of a proposed action on wildlife is so significant as to constitute an environmental risk which justifies judicial intervention pursuant to the Michigan Environmental Protection Act, should evaluate the environmental situation prior to the proposed action and compare it with the probable condition of the environment if the proposed action is undertaken; the court should consider: (1) whether the natural resource is rare, unique, endangered or of historical significance, (2) whether the resource is readily replaceable, (3) whether the proposed action will have any significant consequential effect on other natural resources, and (4) whether the direct or consequential impact on plants or animals will affect a critical number, considering the nature and location of the wildlife affected (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

7. ENVIRONMENT — ESTHETICS — ENVIRONMENTAL PROTECTION ACT.

Esthetic considerations alone are not determinative of whether there is a significant environmental impact such as will justify judicial intervention pursuant to the provisions of the Michigan Environmental Protection Act (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

8. ENVIRONMENT — TREES — REMOVAL OF TREES — ENVIRONMENTAL PROTECTION ACT.

The removal of trees adjacent to a roadway does not constitute the impairment or destruction of a natural resource sufficient to warrant judicial intervention pursuant to the Environmental Protection Act where there is no showing that the trees were unique or irreplaceable or that the removal of the trees would have any significant consequential effect on other natural resources (MCL 691.1201 *et seq.;* MSA 14.528[201] *et seq.).*

*John J. Peters,* City Attorney (by *Michael S. Straubel),* for plaintiff.

*Bennett, Lewis, LaParl, Hollander, Stephens & Milligan, P.C. (by Dean S. Lewis and Robert C. Burkholz), for defendant.*

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

M. P. REILLY, J. Defendant appeals as of right from the trial court's December 21, 1982, order which permanently enjoined defendant from cutting certain trees along Portage Road in the City of Portage, Kalamazoo County.

Plaintiff filed this action in Kalamazoo County Circuit Court pursuant to the Michigan Environmental Protection Act (MEPA), MCL 691.1201; MSA 14.528(202), seeking to enjoin defendant from implementing its plan to remove approximately 74 trees located within eight feet of both sides of the paved portion of Portage Road.[1] Following trial, the court issued an opinion and order permanently enjoining defendant from cutting the trees. Defendant appeals.

While this Court reviews *de novo* actions brought under the MEPA, review is governed by GCR 1963, 517.1, and the trial court's findings of fact will not be overturned or modified unless they are clearly erroneous or unless the reviewing court is convinced it would have reached a different result had it occupied the bench at trial. *Wayne County Dep't of Health v Olsonite Corp,* 79 Mich App 668, 694; 263 NW2d 778 (1977). See also *Dunlop v Twin Beach Park Ass'n, Inc,* 111 Mich App 261, 266; 314 NW2d 578 (1981). A finding is clearly erroneous when, although there is evidence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] The parties agreed that certain trees are either diseased or structurally unsound and should be removed. Defendant has agreed not to remove any tree which has particular historical significance.

to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

Under § 2 of the act, a party may bring an action for declaratory and equitable relief against any other party "for the protection of the air, water and other natural resources and the public trust therein from pollution, impairment or destruction". Section 3(1), MCL 691.1203(1); MSA 14.528(203)(1), provides:

"When the plaintiff in the action has made a prima facie showing that the conduct of the defendant has, or is likely to pollute, impair or destroy the air, water or other natural resources or the public trust therein, the defendant may rebut the prima facie showing by the submission of evidence to the contrary. The defendant may also show, by way of an affirmative defense, that there is no feasible and prudent alternative to defendant's conduct and that such conduct is consistent with the promotion of the public health, safety and welfare in light of the state's paramount concern for the protection of its natural resources from pollution, impairment or destruction. Except as to the affirmative defense, the principles of burden of proof and weight of the evidence generally applicable in civil actions in the circuit courts shall apply to actions brought under this act."

The court must conduct a dual inquiry to determine if a prima facie case is established under § 3: (A) whether a natural resource is involved, and (B) whether the impact of the activity on the environment rises to the level of impairment to justify the trial court's injunction. *Kimberly Hills Neighborhood Ass'n v Dion,* 114 Mich App 495, 503; 320 NW2d 668 (1982), *lv den* 417 Mich 1045 (1983).

There is no question that a natural resource is

involved in this case. The removal of trees, a form of wildlife, constitutes destruction of a natural resource under the MEPA. *Eyde v Michigan,* 82 Mich App 531, 540; 267 NW2d 442 (1978), *lv den* 403 Mich 812 (1978); *Stevens v Creek,* 121 Mich App 503, 508; 328 NW2d 672 (1982).

The crucial issue is whether the threatened impact on the environment rises to a level which would justify judicial intervention. The Supreme Court has recognized that vitually all human activities can be found to adversely impact natural resources in some way or other. *West Michigan Environmental Action Council v Natural Resources Comm,* 405 Mich 741, 760; 275 NW2d 538 (1979). It has been left to the courts to give precise meaning to the statute and to determine whether the proposed action can be found to rise to the level of impairment or destruction of natural resources so as to constitute an environmental risk and justify judicial intervention. *Ray v Mason County Drain Comm'r,* 393 Mich 294; 224 NW2d 883 (1975); *West Michigan Environmental Action Council, supra,* p 760. A court is not empowered to enjoin any conduct which does not rise to the level of an environmental risk proscribed by the MEPA. *Committee for Sensible Land Use v Garfield Twp,* 124 Mich App 559, 564; 335 NW2d 216 (1983). As stated in *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 403 Mich 215, 231-233; 268 NW2d 240 (1978):

"That act does not confer plenary power on the courts to do whatever they may think preferable in environmental cases. Absent a finding that the conduct of the defendant has or is likely to pollute, impair or destroy, the court may not order another alternative even though it finds it more desirable.

\* \* \*

"The standard, 'has, or is likely to pollute, impair or destroy', is a limitation as well as a grant of power."

In determining whether the impact of a proposed action on wildlife is so significant as to constitute an environmental risk and require judicial intervention, the court should evaluate the environmental situation prior to the proposed action and compare it with the probable condition of the particular environment afterwards. The factors the court should consider include: (1) whether the natural resource involved is rare, unique, endangered, or has historical significance, (2) whether the resource is easily replaceable (for example, by replanting trees or restocking fish), (3) whether the proposed action will have any significant consequential effect on other natural resources (for example, whether wildlife will be lost if its habitat is impaired or destroyed), and (4) whether the direct or consequential impact on animals or vegetation will affect a critical number, considering the nature and location of the wildlife affected. The magnitude of the harm likely to result from the proposed action will depend on the characteristics of the resources involved. *Kimberly Hills, supra,* p 508. Esthetic considerations alone are not determinative of significant environmental impact.

The trial court in the present case determined that a prima facie case was established by weighing the environmental risk of removing the trees against the good to be accomplished by their removal. This was error. The MEPA does not contemplate or permit a determination that a prima facie case has been made by the balancing of disadvantages against advantages of the defendant's proposed action. Rather, the MEPA requires

the court to first determine whether such proposed action rises to the level of an impairment or destruction of a natural resource so as to constitute an environmental risk.

Applying the factors discussed above, it is our opinion that the trial court clearly erred in holding that plaintiff made out a prima facie case under the act. Whether viewed from a statewide or local perspective,[2] the short term effect of removing the trees, even when coupled with esthetic considerations, does not rise to the level of impairment or destruction of a natural resource within the meaning of the MEPA. There was no showing that the trees were unique or irreplaceable or that the removal of the trees would have any significant consequential effect on other natural resources. *Cook v Grand River Hydroelectric Power Co, Inc,* 131 Mich App 821; 346 NW2d 881 (1984). The number of trees involved was not critical from either a local or statewide viewpoint. Any environmental damage could certainly be repaired by replanting trees in an area farther away from the highway.

We conclude that defendant's planned removal of the trees does not rise to the requisite level of impairment or destruction of a natural resource so as to constitute an environmental risk and justify judicial intervention.

The December 21, 1982, order is reversed.

---

[2] The Court in *Kimberly Hills Neighborhood Ass'n v Dion,* 114 Mich App 495; 320 NW2d 668 (1982), *lv den* 417 Mich 1045 (1983), found that when addressing the alleged impairment or destruction of animal or plant life, a statewide perspective is necessary. We do not agree that a statewide as opposed to local perspective is always necessary in such cases. In any event, we find that removal of the trees in this case does not have a significant environmental impact from either a statewide or local viewpoint.