HIGHLAND RECREATION DEFENSE FOUNDATION v NATURAL
RESOURCES COMMISSION

Docket No. 106755. Submitted August 1, 1989, at Lansing. Decided
     September 19, 1989. Leave to appeal applied for.

    The Natural Resources Commission, with the Department of
Natural Resources concurring, issued to the National Campers
and Hikers Association a permit allowing the association to use
a portion of the Highland Recreation Area as the site for a
"Campvention," a gathering of recreational vehicles and their
owners. Highland Recreation Defense Foundation, a nonprofit
corporation, brought an action in Oakland Circuit Court for
declaratory and injunctive relief against the NRC and the DNR,
alleging, inter alia, that defendants had improperly leased state
land, violated the master plan for Highland State Recreation
Area, violated the Michigan Environmental Protection Act, and
violated the public trust doctrine. Plaintiff sought, and the trial
court, Robert C. Anderson, J., denied, a preliminary injunction
against the planned Campvention. Following a bench trial, the
court issued a judgment in favor of defendants. Plaintiff appealed.

    The Court of Appeals held:

    1. Review by this Court of the issues raised by plaintiff, even
if the issues are technically moot with the conclusion of the
Campvention, is not precluded since the issues are of public
significance which may recur yet evade review.

    2. The trial court erred in determining that plaintiff needed
to have filed for tax-exempt charitable organization status
pursuant to the Internal Revenue Code to be considered a
nonprofit corporation which may bring an action under MCR
2.201(B)(4)(a) to prevent illegal expenditure of state funds.

    3. Plaintiff lacks standing to bring an action alleging illegal
expenditure of state funds since it failed to show that it would
have sustained substantial injury or suffered loss or damage
through increased taxation and the consequences thereof.
Plaintiff also lacks standing to bring an action alleging expendi-

REFERENCES

Am Jur 2d, Actions §§ 46 et seq.; Pollution Control §§ 492 et seq.
See the Index to Annotations under Environmental Law.

ture of public funds for a private purpose without the approval of two-thirds of the members of the Legislature in violation of Const 1963, art 4, § 30 since plaintiff failed to show why it has a direct interest in the enforcement of the constitutional provision or that public funds were in fact expended for a private purpose in this case.

4. The permit granted by defendants to the association was merely a license, and not a lease. Thus, plaintiff cannot claim that defendants had improperly leased state land.

5. The trial court did not err in determining that plaintiff did not establish a prima facie case under the Michigan Environmental Protection Act. While plaintiff established that a natural resource was involved, it did not establish that defendants' conduct rose to the level of impairment to justify the trial court's intervention.

6. Claims raised by plaintiff under the public trust doctrine are duplicative of the claims raised under the Michigan Environmental Protection Act. These claims are likewise without merit.

7. The work done at Highland State Recreation Area in conjunction with the Campvention were of such nature that amendment of the park's master plan was not required.

8. A court, in considering a request for a preliminary injunction, is not required by MCR 3.310(A) to conduct an evidentiary hearing. Plaintiff cannot claim error on the basis of a lack of such a hearing.

9. In the absence of a showing of bias or prejudice, the trial court's ex parte viewing of the park was not error which requires reversal.

Affirmed.

1. CORPORATIONS — NONPROFIT CORPORATIONS — ACTIONS.

A domestic nonprofit corporation may bring an action to prevent illegal expenditure of state funds where such corporation was incorporated to carry out any lawful purpose not involving pecuniary profit or gain for its directors, officers, shareholders or members, or has been designated as a tax-exempt organization under the Internal Revenue Code or is eligible for such designation (MCL 450.2108(2); MSA 21.197[108][2]; MCR 2.201[B][4][a]).

2. ACTIONS — ILLEGAL EXPENDITURE OF STATE FUNDS — STANDING.

A plaintiff lacks standing to bring an action to prevent the illegal expenditure of state funds unless he can show that he will sustain substantial injury or suffer loss or damage through increased taxation or the consequences thereof.

3. ENVIRONMENT — ACTIONS — ENVIRONMENTAL PROTECTION ACT.

    Declaratory and equitable relief is available to the plaintiff in an action under the Michigan Environmental Protection Act only upon the plaintiff's making a prima facie showing that a natural resource is involved and that the impact of the activity at issue on the environment rises to a level of impairment which will justify injunctive relief (MCL 691.1201 *et seq.*; MSA 14.528[201] *et seq.*).

*Vanderkloot & Haynes, P.C.* (by *Jeffrey K. Haynes*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas J. Emery* and *Leo H. Friedman,* Assistant Attorneys General, for defendants.

Before: HOOD, P.J., and CAVANAGH and J. W. FITZGERALD,* JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the trial court denying its request for a permanent injunction and finding for defendants. The order was issued following a four-day bench trial and in accordance with a written opinion of the court. Plaintiff had sought injunctive relief and a declaratory judgment regarding a use permit issued by defendants to the National Campers and Hikers Association (NCHA) for a National Campvention to be held at Highland State Recreation Area in July, 1988. We affirm.

Plaintiff's appeal primarily deals with issues relevant to the court's declaratory judgment. Our review of those issues is de novo on the record. *Odette v Liquor Control Comm,* 171 Mich App 137, 141; 429 NW2d 814 (1988).

The defendants argue that the completion of the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment.

Campvention has rendered plaintiff's issues moot. Even if technically moot, our review is not precluded where, as here, there is an issue of public significance which may recur and yet evade review. *Contesti v Attorney General,* 164 Mich App 271, 278; 416 NW2d 410 (1987). *In re Wayne Co Election Comm,* 150 Mich App 427, 432-433; 388 NW2d 707 (1986).

What primarily concerns this Court is the reasoning of the trial court as to why plaintiff could not rely on MCR 2.201(B)(4)(a) to pursue its claims concerning unauthorized expenditures of state money. The trial court erred in interpreting the term "nonprofit corporation" as used in the rule to mean that plaintiff must have filed for tax-exempt charitable organization status. No authority was cited for this proposition and we are aware of nothing in the court rules, statutes or case law which would support this interpretation. The Nonprofit Corporation Act at MCL 450.2108(2); MSA 21.197(108)(2) provides:

> "Nonprofit corporation" means either of the following:
> (a) A corporation incorporated to carry out any lawful purpose or purposes not involving pecuniary profit or gain for its directors, officers, shareholders, or members.
> (b) A corporation which has been designated as a tax exempt organization under section 501(c)(3) of the internal revenue code or is eligible to apply for such a designation.

Plaintiff's articles of incorporation filed with the State of Michigan indicate that its purpose does not involve pecuniary profit or gain. There is nothing in the record indicating otherwise. Subparagraph (b) of the statute specifically states that the corporation need only be eligible to apply for

tax exempt status to be "nonprofit."[1] We find no basis for finding that plaintiff was not a nonprofit organization for purposes of the rule.

However, that plaintiff is considered a "real party in interest" under the court rule does not necessarily mean it has standing to bring this action.

The requirement of standing insures that only those who have a substantial interest in a dispute will be allowed to come into court to complain. *Saginaw Public Libraries Bd of Comm'rs v Judges of the 70th Dist Court,* 118 Mich App 379, 385; 325 NW2d 777 (1982). The claims plaintiff sought to bring under this court rule are basically that there have been illegal expenditures of public funds. Typically where an action alleges illegal expenditures, the plaintiff must show it will sustain substantial injury or suffer loss or damage through increased taxation or its consequences. See *Menendez v Detroit,* 337 Mich 476, 482; 60 NW2d 319 (1953). As noted by the trial court, plaintiff has not claimed that it will sustain any damage as a result of the alleged illegal expenditures and therefore it does not have standing under *Menendez.*

Plaintiff argues however that this is not the typical taxpayer's suit and it has standing to contest illegal expenditures made in violation of Const 1963, art 4, § 30. That section of the Constitution requires a two-thirds vote of the state Legislature for the appropriation of public money or property for local or private purposes.

This issue was not reached by the trial court below. Although the issue could therefore be remanded, we will consider it now since the record as to this issue appears complete.

---

[1] The statute was amended to add subparagraph (b) effective January 1, 1988. Trial here was in November, 1987, and the court's opinion was issued in February, 1988. Plaintiff appears to be a nonprofit corporation under either subparagraph of the statute.

We do not find that plaintiff has standing under this argument. First, plaintiff has not set forth why it has a direct interest in enforcing compliance with this provision so that it has standing. See *Muskegon Bldg & Construction Trades v Muskegon Intermediate School Dist,* 130 Mich App 420, 427-428; 343 NW2d 579 (1983). Second, assuming such an interest, plaintiff's argument that legislative approval was needed here requires a finding that the money spent for the Campvention was for a private purpose. The argument that this was a private purpose appears to be based on the fact that the NCHA was allowed exclusive use of the facilities during the Campvention. We do not find this argument persuasive.

As noted by the trial court, the DNR retained unbridled access to all areas of the park covered by the permit, and restricted the NCHA's activities in a variety of ways. The granting of exclusive use for a limited time appears to be a reasonable accommodation which would be to the benefit of everyone seeking to use the park. Limiting access would assure that the resources of the park were not overtaxed and that areas were not used beyond their capacities. The improvements themselves appear to be consistent with the general recreational and educational purposes of the park. Plaintiff has not presented us with any authority to support a finding that this limited exclusive use resulted as a matter of law in an unconstitutional public expenditure for a private purpose. Nor do these facts support such a finding.

Therefore, while we disagree with the trial court's interpretation of MCR 2.201(B)(4)(a), we agree that plaintiff did not have standing as to this issue. Where the trial court reaches the right result for the wrong reason, this Court will not

reverse. *Peterfish v Frantz,* 168 Mich App 43, 53; 424 NW2d 25 (1988).

As to plaintiff's other issues, our review of the record and the applicable law indicates that there is no basis for reversal. We agree with the trial court that the permit was a license and not a lease. It clearly does no more than grant permission to do certain activities on the property without giving the NCHA any permanent or possessory interest in the land. *Macke Laundry Service Co v Overgaard,* 173 Mich App 250, 253-254; 433 NW2d 813 (1988). We also agree that defendants had the authority to issue the permit. MCL 299.2(2); MSA 13.2(2); 1979 AC, R 299.322.

Our review also indicates that the trial court's determination that plaintiff did not establish a prima facie case under the Michigan Environmental Protection Act (MEPA), MCL 691.1203(1); MSA 14.528(203)(1), was not clearly erroneous. *Rush v Sterner,* 143 Mich App 672, 678; 373 NW2d 183 (1985). While plaintiff established that a natural resource was involved, it did not establish that defendants' conduct rose to the level of impairment which would justify the court's intervention. *Kent Co Road Comm v Hunting,* 170 Mich App 222, 233; 428 NW2d 353 (1988); *Portage v Kalamazoo Co Road Comm,* 136 Mich App 276, 281-282; 355 NW2d 913 (1984), lv den 422 Mich 883 (1985). Plaintiff argues that this Court should reject the *Portage* analysis applied by the trial court. We decline to do so. Not all threats to the environment justify judicial intervention. *Portage, supra,* p 281. In determining when an environmental risk rises to a level requiring MEPA protection, this Court has considered a variety of factors, including those set forth in *Portage. Hunting, supra,* pp 233-235; *Rush, supra,* p 679; *Kimberly Hills Neighborhood Ass'n v Dion,* 114 Mich App 495, 508; 320

NW2d 668 (1982), lv den 417 Mich 1045 (1983). We find those factors relevant and appropriate for application in this case.

Highland State Recreation Area includes approximately 5,600 acres. It is not a wilderness area. The park includes former farmland and a former private estate, recreational areas for activities such as skiing and boating, and a nature reservation. Approximately 250 acres were prepared for NCHA's use. Of that 250 acres, between 120 and 130 required little preparation. The record indicates that a great many trees were removed, but it does not indicate a significant consequential impact on the environment justifying judicial intervention. *Portage, supra,* p 283.

We also agree that the claims raised by plaintiff under its public trust argument are duplicative of its claims under MEPA. No further discussion of those claims is therefore required. See *State Highway Comm v Vanderkloot,* 392 Mich 159, 178-184; 220 NW2d 416 (1974); *Stevens v Creek,* 121 Mich App 503, 506-507; 328 NW2d 672 (1982).

We are convinced that the work done at Highland was of such a nature that amendment of the park's master plan was not required. It appears that the overwhelming majority of the work was of a temporary nature, either because it would be removed after the Campvention or because the land would be allowed to return to its natural state. The record does not indicate that the nature or general use of Highland was changed in any permanent way.

Plaintiff's final arguments concern the pretrial denial of its request for a preliminary injunction. First, contrary to plaintiff's argument, MCR 3.310(A)(1) does not require an *evidentiary* hearing. Second, given plaintiff's failure to secure a transcript of the proceedings, we are unable to

review its claim that the court was prejudiced by its ex parte viewing of the park. *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 413; 425 NW2d 797 (1988). Plaintiff has not given any specific example of bias or prejudice on the court's part resulting from the viewing. We are unwilling to say that the viewing automatically demonstrated error requiring reversal. See *Toussaint v Conta,* 292 Mich 366, 370; 290 NW 830 (1940).

Affirmed.