SMITH *v.* CHIPPEWA COUNTY ROAD COMMISSIONERS.

1. WORDS AND PHRASES—ACT OF GOD.
> An act of God is an intervening or supervening force of nature so calamitous, so violent, and so out of line with the history of natural forces in the area as to be completely unforeseeable by reasonable persons.

2. SAME—ACT OF GOD.
> An act of God is a superseding, supervening force obliterating all other causes.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 38 Am Jur, Negligence § 7.
[3] 56 Am Jur, Waters §§ 434, 438–441.
[4] 38 Am Jur, Negligence §§ 63, 65, 75.
[5] 56 Am Jur, Waters §§ 91, 440, 446, 447.

3. Waters and Watercourses—Artificial Reservoir—Liability—Damages.

> An individual or governmental agency which permits water to collect in an artificial reservoir is liable for damages caused by the escaped water trespassing onto the land of other parties.

4. Negligence—Defense—Act of God—Question for Jury—Proper Instruction.

> Defense of act of God in a negligence action is a valid defense and is a question for a jury under proper instruction.

5. Same—Surface Water—Act of God.

> Submission to jury under proper instructions of plaintiff's action for damages resulting from defendant's alleged negligence in permitting surface waters to escape from an artificial reservoir, and defendant's defense that the damages were caused by torrential rainstorms which were an act of God *held*, proper.

Appeal from Chippewa; Baldwin (George S.), J. Submitted Division 3 October 4, 1966, at Marquette. (Docket No. 657.)  Decided December 8, 1966.  Rehearing denied January 31, 1967. Leave to appeal granted by Supreme Court April 12, 1967.  See 379 Mich 759, 381 Mich 363.

Declaration by Hal Smith against the Board of County Road Commissioners for the County of Chippewa for personal injuries and property damage as result of impounded water washing away roadway and destroying plaintiff's residence.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*Platt & Platt (Henry A. Platt,* of counsel) for plaintiff.

*Burney C. Veum (Thomas J. Veum,* of counsel), for defendant.

Burns, P. J.  This case involves personal injuries and property damage caused by water which escaped from a reservoir created by the defendant in Chippewa county.

Several hundred acres of land to the south of a 5-acre area drain into this basin area, which is bounded on the west by Ranger road, on the north by Lakeshore road, on the east by Tower road and on the south by Mission hill. For many years prior to 1957 water accumulated in this basin each spring, escaped through an 18-inch culvert under Ranger road and also ran over the top of Ranger road. At times the road would be flooded to a depth of 12 to 14 inches.

In 1957, the defendant removed the 18-inch culvert under Ranger road, replaced it with a 24-inch culvert and, in the course of the repair, elevated the road. This had the effect of placing the road 5 to 8 feet higher than the culvert. The repair stopped the flooding of Ranger road.

During the latter part of April and the first 2 days of May, 1959, it rained often and very hard. Water accumulated in the basin nearly to the top of Ranger road. On May 3, 1959, the water held in the basin caused a portion of Tower road southeast of Lakeshore road to wash out and give way, which permitted the water to rush from the basin in a northerly direction toward Lake Superior. This onrush of water, in turn, caused a portion of Lakeshore road to crumble. The water continued onto the plaintiff's property, gouged out a ravine on his land and caused his house to fall into the ravine and disintegrate. There were 6 people, including the plaintiff, in the house at the time it collapsed.

The plaintiff claims that the defendant, by its actions in repairing Ranger road in 1957, created an artificial reservoir and that the defendant is absolutely liable for any damages inflicted by the escaped water trespassing on the plaintiff's land.

The defense was that the hard torrential rains of April and May were an act of God and the defendant was not liable.

Both parties moved for a directed verdict. The court reserved decision on the plaintiff's motion and denied the defendant's motion.

The court defined an act of God several times in its instructions to the jury. On one occasion it defined an act of God as follows:

"An act of God which is an intervening or supervening force, which relieves from liability, is such a force of nature that it is so calamitous, so violent and so out of line with the history of natural forces in the area as to completely be unforeseeable by reasonable persons."

Later the court charged the jury:

"There is liability in this case unless there was an act of God. If you don't find that an act of God occurred in this case, a superseding, supervening force obliterating all other causes, then you will find the defendant liable and your verdict will be for the plaintiff.

"On the other hand, if you find that really what caused this rain was the superseding, tremendous act of God, then there would be no liability."

The jury returned a verdict of no cause of action.

The law is clear that an individual who or a governmental agency which collects water in an artificial reservoir is liable for damages caused by the escaped water trespassing onto the land of other parties. *Robinson* v. *Township of Wyoming* (1945), 312 Mich 14; *Herro* v. *Chippewa County Road Commissioners* (1962), 368 Mich 263.

The law is equally clear that the defense of an act of God is a valid defense and a question for the jury under proper instruction. *Golden & Boter Transfer Co.* v. *Brown & Sehler Co.* (1920), 209 Mich 503.

The defense of an act of God was correctly submitted to the jury for its determination, and we find no error.

Judgment affirmed.   Costs to appellee.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.