TROUT UNLIMITED, MUSKEGON-WHITE RIVER CHAPTER v
CITY OF WHITE CLOUD (AFTER REMAND)

Docket No. 161437. Submitted August 2, 1994, at Grand Rapids.
Decided March 21, 1995, at 9:15 A.M.

Trout Unlimited, Muskegon-White River Chapter, and Richard
McEwen brought an action in the Newaygo Circuit Court
against the City of White Cloud, seeking a declaration that the
city had undertaken an illegal reconstruction of a dam in the
White River. The court, Anthony A. Monton, J., following a
bench trial, entered a judgment of no cause of action, determin-
ing that the plaintiffs lacked standing to sue. The plaintiffs
appealed. The Court of Appeals, SHEPHERD, P.J., and CONNOR
and M. F. SAPALA, JJ., reversed and remanded the action to the
trial court for additional findings, instructing the court to
determine whether a natural resource is involved and whether
the effect of the activity on the environment rises to the level
of impairment to justify the court's intervention. 195 Mich App
343 (1992). On remand, the trial court entered a judgment
finding that the plaintiffs had no cause of action against the
city. The court found that a natural resource was affected by
the dam's reconstruction and that the plaintiffs had failed to
show that the reconstruction rose to a level of impairment that
justified judicial intervention. The court did not rule with
regard to the validity of 1988 PA 484 or plaintiffs' claims of
negligence, trespass, and nuisance. The plaintiffs appealed.

After remand, the Court of Appeals held:

1. The trial court's factual conclusions in applying the four-
part test delineated in Kent Co Rd Comm v Hunting, 170 Mich
App 222 (1988), are not clearly erroneous.

2. The trial court's finding that the defendant breached the
dam only because it was confronted with a disaster created by
an act of God is supported by the evidence and not clearly
erroneous.

3. The trial court's opinion did not dispose of all the factual
and legal issues raised. The action must be remanded to the

REFERENCES

Am Jur 2d, Pollution Control §§ 492, 493.
See ALR Index under Environmental Law.

trial court for findings regarding the plaintiffs' claims not involving the Environmental Protection Act, MCL 691.1201 *et seq.*; MSA 14.528(201) *et seq.*, that it did not address, including the question whether the city had authority to rebuild the dam without certain approvals, the constitutionality of 1988 PA 300, MCL 281.1313(3); MSA 11.420(13)(3), and the claims of negligence and nuisance.

Affirmed in part and remanded.

ENVIRONMENT — JUDICIAL INTERVENTION — ENVIRONMENTAL PROTECTION ACT.

A court in determining whether the effect on the environment of a proposed activity challenged under the Environmental Protection Act rises to the level of impairment so as to justify the court's intervention should evaluate the environmental situation before the proposed action and compare it with the probable condition of the environment if the proposed action is undertaken; the court should consider whether the natural resource is rare, unique, endangered or of historical significance; whether the resource is readily replaceable; whether the proposed action will have any significant consequential effect on other natural resources; and whether the direct or consequential impact on plants or animals will affect a critical number, considering the nature and location of the wildlife affected (MCL 691.1201 *et seq.*; MSA 14.528[201] *et seq.*).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *J. Walter Brock*), for the plaintiffs.

*Landman, Latimer, Clink & Robb* (by *David L. Bossenbroek*), for the defendant.

AFTER REMAND

Before: HOOD, P.J., and MARILYN KELLY and J. L. MARTLEW,* JJ.

PER CURIAM. Plaintiffs, Trout Unlimited, Muskegon-White River Chapter and Richard McEwen, appeal as of right from a judgment finding that they had no cause of action against the City of White Cloud. Plaintiffs had alleged violations of

* Circuit judge, sitting on the Court of Appeals by assignment.

the Michigan Environmental Protection Act
(MEPA) stemming from defendant's reconstruction
of a dam on the White River, following its destruc-
tion in a flood. MCL 691.1202; MSA 14.528(202).
They had also alleged negligence, trespass, nui-
sance and enactment of improper legislation. 1988
PA 484. We affirm in part, and remand in part for
further proceedings consistent with this opinion.

I

This case comes to us with a long factual and
procedural history. The facts of the case are
clearly set forth in *Trout Unlimited, Muskegon-
White River Chapter v White Cloud,* 195 Mich App
343, 344-346; 489 NW2d 188 (1992). There, a panel
of our Court concluded that plaintiffs had standing
to pursue their claims and remanded to the trial
court. Our Court instructed the trial court that,
under the MEPA, the trial court must conduct a
dual inquiry to determine

> whether a natural resource is involved and
> whether the effect of the activity on the environ-
> ment rises to the level of impairment to justify the
> court's intervention. [*Id.,* p 349.]

Initially, the Court expressed no opinion regarding
plaintiffs' claims or the nature of relief.

On remand, the parties agreed that the trial
judge could decide the issues based on the evidence
presented at the original trial. The judge issued
his opinion some months later.

Answering the two-part inquiry in *Trout Unlim-
ited,* the judge found that a natural resource was
affected by the dam's reconstruction. Also, he held,
plaintiffs failed to show that the reconstruction
rose to a level of impairment which justified judi-
cial intervention.

The judge made the determination by applying the four-part test delineated in *Kent Co Rd Comm v Hunting,* 170 Mich App 222, 233; 428 NW2d 353 (1988). First, he concluded that trout were not rare, unique or endangered; only a small portion of the Middle White River had the potential to become a blue-ribbon trout stream in the absence of the reconstructed dam. Second, he concluded that the dam reconstruction project did not diminish the trout population as it existed after the flooding and dam failure. He found that the reconstructed dam would not obliterate trout fishing in the Middle White River. The judge believed the river could be maintained as a fair trout stream. Third, he found no evidence showing that the dam caused a negative impact on natural resources, other than the potential trout population. Fourth, he concluded that none of the proofs established that the dam reconstruction project caused the trout habitat to deteriorate from the condition that existed before the project.

In finding no cause of action for plaintiffs, the judge wrote:

> In effect, the plaintiffs seek to have the City create a natural resource—namely, high quality, cold water fishing in the Middle White River, which has not existed for more than 100 years. The primary purpose of MEPA is to protect existing natural resources, not to create natural resources. Also, it is questionable that any portion of the Middle White River would become a blue-ribbon trout stream, even if the dam was not rebuilt.

The judge made no ruling on the validity of 1988 PA 484. Plaintiffs contended that the Act constituted improper local legislation, failed to protect a public trust and neglected to require a permit from the Natural Resources Commission as man-

dated by MCL 281.761 *et seq.*; MSA 11.501 *et seq.*
MCL 281.951 *et seq.*; MSA 11.475(1) *et seq.* The
judge also made no ruling on plaintiffs' claims of
negligence, trespass and nuisance (counts II, III and
IV in the original complaint.)

On appeal, plaintiffs challenge the decision that
they had no cause of action against White Cloud
for alleged violations of the MEPA and violation of
the public trust.

II

We review de novo actions involving MEPA viola-
tions. However, we will not overturn a trial court's
findings of fact unless they are clearly erroneous
or unless convinced that we would have reached a
different result. *Kent Co Rd Comm, supra,* pp 232-
233; *Portage v Kalamazoo Co Rd Comm,* 136 Mich
App 276, 279; 355 NW2d 913 (1984). A finding is
clearly erroneous when evidence exists to support
it but our Court is left with a definite and firm
conviction that the trial court made a mistake.
*Kent Co Rd Comm, supra,* p 233.

We have reviewed the evidence underlying the
trial court's factual conclusions on the four factors
set forth in *Kent Co Rd Comm.* Based on the
evidence, we decline to overturn the trial judge's
findings of fact. We cannot conclude that they are
clearly erroneous or that, sitting as factfinders, we
would have reached a different result.

Plaintiffs argue that the trial court erred in
concluding that the original dam was destroyed by
an act of God rather than by defendant's negligent
actions.

An act of God is a valid defense to a trespass
claim and presents a question of fact for a fact-
finder. *Smith v Chippewa Co Rd Comm'rs,* 5 Mich
App 370, 373; 146 NW2d 702 (1966). Here, the
evidence indicates that heavy rains in the area
endangered the dam and the surrounding region.

In response, the City intentionally breached the dam.

We will not set aside findings of fact unless they are clearly erroneous. MCR 2.613(C). The judge's findings that defendant breached the dam only because it was confronted with a disaster created by an act of God were supported by evidence and not clearly erroneous.

### III

Plaintiffs also contend that the circuit court's opinion did not dispose of all the factual and legal issues they raised in their complaint. We agree that the trial court reviewed and resolved only those issues relating specifically to plaintiffs' MEPA claims pursuant to the order of our Court. Furthermore, finding that an act of God was responsible for defendant breaching the dam resolved plaintiffs' trespass claim.

We remand to the trial court for findings regarding plaintiffs' non-MEPA claims which it did not address in its opinion of January 14, 1993. These include the question of whether defendant had authority to rebuild the dam without certain approvals, the constitutionality of 1989 PA 300, MCL 281.1313(3); MSA 11.420(13)(3), and claims of negligence and nuisance.

We find that the stipulation of August 7, 1990, does not constitute a bar to consideration of the issues of negligence and nuisance. "Damages" as used in the stipulation refers to the correct relief, including monetary damages, which would accrue should plaintiffs prevail. We agree that both parties waived consideration of these issues until after a determination of liability had been made.

We affirm in part. We remand for further consideration of the unresolved issues in a manner

consistent with this opinion. We do not retain jurisdiction.